**UNITED STATES of America,**
**Appellee,**

v.

**Ursula SPRACHMAN, Defendant,**

**James Leonard, also known as John Lawrence, also known as John Lowell, Defendant–Appellant.**

**No. 02–1028.**

United States Court of Appeals, Second Circuit.

Sept. 6, 2002.

Richard P. Donoghue, Assitant United States Attorney (Cecil C. Scott, Assitant United States Attorney, of counsel; Alan V. Vinegrad, United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

Jason L. Solotaroff, New York, NY, for Defendant–Appellant.

Present GUIDO CALABRESI and BARRINGTON D. PARKER, JR., Circuit Judges, and DENISE COTE, District Judge.*

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED**.

On May 17, 2000, James Leonard pled guilty to one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 371. At Leonard's sentencing hearing on December 6, 2000, the district court (Sifton,

---

* The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

*J.*) added two levels for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, and declined to award Leonard a two-level reduction for acceptance responsibility, as it might have done pursuant to U.S.S.G. § 3E1.1. The calculations resulted in an offense level of ten and the court sentenced Leonard to eight months' incarceration.

On appeal, Leonard challenges the district court's imposition of the obstruction of justice enhancement and its denial of a reduction for acceptance of responsibility. On August 7, 2002, Leonard moved to supplement the record with an additional appendix. Leonard also has an outstanding motion for bail pending appeal, which was originally filed on July 23, 2002. We grant the motion to supplement the record, affirm the decision of the district court, and, since the motion for bail pending appeal is now moot, we deny it.

Leonard was charged with running a sham literary agency, accepting fees for services it never performed. In his plea, Leonard admitted to two specific falsehoods: a) creating fictitious employees, who signed letters sent to hopeful authors, and b) representing that the agency accepted only 5% of submissions, when the actual percentage was much higher. In his letter to the probation officer, for inclusion in his presentence report, Leonard stated in no uncertain terms that these misrepresentations were merely two regrettable lapses in an otherwise legitimate, if largely unsuccessful, business venture. After conscientiously conducting a hearing, the trial court found, however, that the enterprise "was an out and out fraud and had no legitimate activity [and that it] was designed solely to obtain money from authors without doing any legitimate literary agency work." Finding that Leonard, both in the letter and to the court, significantly departed from this truth, the district court assessed the enhancement for obstruction of justice and denied a reduction for acceptance of responsibility.

Leonard argues on appeal that the district court committed clear error when it found that the literary agency he ran was not a legitimate one and that his statements to the probation officer and the court were false. He also contends that the district court failed to make the required finding of specific intent for obstruction of justice. We have reviewed the record and conclude that there was ample evidence for the district court's factual findings. We also hold that these justified the court's finding of material misrepresentation and that they therefore adequately support both the enhancement for obstruction of justice and the denial of a reduction for acceptance of responsibility.

We have considered Leonard's other arguments and find them meritless. Accordingly, we GRANT the motion to supplement the record, we AFFIRM the judgment of the district court, and we DENY the motion for bail pending appeal.